CHAIMOWITZ, Appellant, v. CHAIMOWITZ, Respondent.

(Superior Court of New York City, General Term. May 1, 1893.)

Action by Jacob Chaimowitz against Tauba Buna Chaimowitz. An order was entered denying plaintiff's motion for an inspection of papers.

Argued before SEDGWICK, C. J., and FREEDMAN, J.

Charles H. Smith, for appellant.
Abraham H. Sarasohn, for respondent.

PER CURIAM. The discretion of the court below was properly exercised, and the order is affirmed, without costs.

---

EHRLICH, Appellant, v. ADAMS et al., Respondents.

(Superior Court of New York City, General Term. July 3, 1893.)

Action by James E. Ehrlich against Samuel Adams and others. From a judgment dismissing the complaint, plaintiff appeals.

Argued before FREEDMAN and GILDERSLEEVE, JJ.

I. L. Sink, for appellant.
T. J. Adams, for respondents.

PER CURIAM. The action was brought to recover a certain sum as damages for the alleged breach of a contract of employment. To recover, the plaintiff was bound to establish the contract sued upon. The letter of January 27, 1891, written by the defendants to the plaintiff, was a mere offer, which had to be accepted before it became binding. In fact, this was stated therein in express terms. Nothing passed between the parties which can be construed as an oral acceptance, and no competent proof was given of the delivery to the defendants of the letter which, according to plaintiff's contention, contained the only notice of acceptance which was given. The subsequent conduct of the parties is consistent with some other arrangement which may have been made. The plaintiff therefore failed to prove the cause of action alleged in the complaint. The record discloses no error, and the judgment should be affirmed, with costs.

---

OCEANIC STEAM NAV. CO., Limited, Respondent, v. COMPANIA TRANSATLANTICA ESPANOLA, Appellant.

(Superior Court of New York City, General Term. July 3, 1893.)

Action by the Oceanic Steam Navigation Company, Limited, against the Compania Transatlantica Espanola.

Argued before FREEDMAN and GILDERSLEEVE, JJ.

Stearns and Curtis, for appellant.
Wheeler, Cortis & Godkin, for respondent.

FREEDMAN, J. If I were not concluded by the decision made in this case by the court of appeals, (second division,) as reported in 134 N. Y. 461, 31 N. E. Rep. 987, I would still be of the opinion expressed by me in 11 N. Y. Supp. 728, that the evidence is insufficient to establish negligence in the defendant now before the court. But upon this branch of the case the court of appeals said: "The fact, which was quite clearly shown, that the door and fastening were in good repair when the defendant assigned to the Spanish-American Company the right to collect wharfage and cranage at the pier, did not relieve the defendant